UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


KENNETH PENNINGTON,

      Plaintiff,

v.                                  CASE NO.: 8:11-cv-1398-T-23MAP

LESSORS, INC.,

      Defendant.

_____/


### ORDER

      Kenneth Pennington sues (Doc. 1) his former employer, Lessors, Inc., for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., and the Florida Civil Rights Act, section 760.10, Florida Statutes.  Lessors moves (Doc. 4) to dismiss, and Pennington responds.  (Doc. 6)

      If the complaint's allegations are true, which is assumed at this stage, in May, 2008, Lessors hired Pennington as a dispatcher.  Months later, each of Lessors's ("approximately") four other dispatchers received training in a new computer program. Lessors either failed or refused to similarly train Pennington.  After less than six months of employment, Lessors terminated Pennington and someone told Pennington that "technology [is] taking you over."

      The majority of Lessors's motion to dismiss quibbles about clerical omissions in Pennington's EEOC charge form, which lacks Pennington's address and date of birth

and a filing date.  <u>See</u> (Doc. 1, Ex. B)  Lessors's attention is misplaced because a purely clerical error in an EEOC charge is inconsequential.  <u>See</u> <u>Ajayi v. Aramark Business Services, Inc.</u>, 336 F.3d 520, 527-28 (7th Cir. 2003) (citing <u>Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.</u>, 538 F.2d 164, 168-69 (7th Cir. 1976).  The EEOC collects the claimant's address and date of birth not to learn of alleged discrimination but to gather information about the claimant.[1]  <u>Cf.</u> <u>Howlett v. Holiday Inns, Inc.</u>, 49 F.3d 189, 195 (6th Cir. 1995).  Lessors supplies no authority that suggests that the date Pennington placed under his notarized signature fails to establish the timely filing of the charge.

A prima facie case of age discrimination requires either direct or circumstantial evidence that an employer inflicted an adverse employment action on a plaintiff because of the plaintiff's age.  <u>Mora v. Jackson Memorial Foundation, Inc.</u>, 597 F.3d 1201, 1204 (11th Cir. 2010).

Direct evidence establishes discriminatory intent without an inference or presumption, <u>Standard v. A.B.E.L. Services, Inc.</u>, 161 F.3d 1318, 1330 (11th Cir. 1998), and "[o]nly the most blatant remarks whose intent could only be to discriminate on the basis of age" qualify as direct evidence.  <u>Clark v. Coats & Clark, Inc.</u>, 990 F.2d 1217, 1226 (11th Cir. 1993).  Pennington alleges no direct evidence of discrimination.  The

---

[1] Pennington attempts to disarm Lessors's assertion of clerical error.  Rather than cite the immateriality of clerical error in an EEOC charge, Pennington states that "Plaintiff's date of birth was redacted pursuant to Fed.R.Civ.P. 5.2(a)(2) which provides a filing party "may" include only the year of birth of an individual.  In an abundance of caution Plaintiff redacted the entire date of birth as well as his home address from the attached EEOC charge."  (Doc. 6 at 4)  That Pennington feels entitled to treat Rule 5.2, Federal Rules of Civil Procedure, as a malleable guideline instead of a rule is curious; that the address and date of birth appear omitted rather than redacted from the EEOC charge is suspicious; that Pennington claims to "redact" his year of birth for caution's sake when the brief elsewhere states his age is positively incongruous.

complaint's only potential direct evidence is the comment–from an unspecified source–that technology was "taking [Pennington] over."  The comment is not expressly discriminatory because the comment includes no allusion to age.  The comment might convey that Pennington lagged irreparably behind technological innovation.  The comment might convey that technology will indiscriminately antiquate a dispatcher, young or old.  The comment might convey that technology rendered Pennington's position superfluous, regardless of Pennington's age.  The comment might convey a derisive jab at Pennington's job performance, regardless of Pennington's age.  In any event, the conclusion that Pennington's supposed technological deficit occurred because of age requires an inference, a comment subject to a non-discriminatory interpretation is not direct evidence, and a comment by an individual (the complaint fails to identify the speaker) with no power over an employee's conditions of employment is not direct evidence.  Merritt v. Dillard Paper Co., 120 F.3d 1181, 1189 (11th Cir. 1997); Standard, 161 F.3d at 1330.

To establish a prima facie case of discrimination with circumstantial evidence, the plaintiff must claim "he (1) was a member of the protected age group, (2) was subjected to [an] adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual."  Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000).  The complaint declares that Pennington "perform[ed] his assigned job duties in a satisfactory manner and was complemented on his work performances." (Doc. 1, ¶ 9)  This conclusory assertion of Pennington's performance fails the requirement that a complaint contain more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Ashcroft v.

Iqbal, 129 S.Ct. 1937, 1949 (2009).  More fundamentally, the complaint neglects the central aspect of an age discrimination claim—that the employer favored a younger employee over the plaintff.  The complaint never alleges that a younger individual replaced Pennington.  See Osahar v. U.S. Postal Serv., 297 Fed. Appx. 863, 864 (11th Cir. 2008).

Pennington's allegation of a lack of access to training fares no better.  A plaintiff may sue under the ADEA for a denial of training because of the plaintiff's age if the training "is materially related to the employee's job responsibilities or possibilities for advancement."  Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1436 n.16 (11th Cir. 1998); see also Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 406-07 (5th Cir. 1999).  Even if the complaint adequately alleges that Lessors denied Pennington training pertinent to Pennington's employment (Doc. 1, ¶ 10-11),[2] the complaint fails to state a claim for a discriminatory failure to train.  A denial of training alone is not unlawful discrimination.  See Griffith v. City of Des Moines, 387 F.3d 733, 373 (8th Cir. 2004); McGuire v. Miami-Dade County, 418 F.Supp.2d 1354, 1360 (S.D. Fla. 2006) (Martinez, J.).  Although Pennington alleges that Lessors trained other dispatchers but not Pennington in a new computer program, Pennington never alleges that the disparate treatment occurred because of Pennington's age.  Pennington fails to state

---

[2] Lessors argues that Pennington is precluded from alleging a failure to train because the EEOC charge mentions no failure to train.  An allegation of discrimination in a complaint must reasonably relate to a claim in an EEOC charge.  Coon v. Georgia Pacific Corp., 829 F.2d 1563, 1569 (11th Cir. 1987).  Arguing that Pennington's allegation of a failure to train is too distant from an allegation in the EEOC charge, Lessors cites only Gaston v. Home Depot USA, Inc., 129 F.Supp.2d 1355, 1366 (S.D. Fla. 2001), an inapposite case holding that a plaintiff cannot allege a category of discrimination (i.e., racial, national origin) in a complaint that is not alleged in the EEOC charge.

the age of each dispatcher and fails to state whether each dispatcher is younger than Pennington.

The complaint exemplifies succinct pleading.  For a plaintiff attempting to state a claim with words to spare, the line is often thin between parsimonious success and laconic failure.  Because Pennington never alleges direct discrimination, never alleges the age of co-workers who received training denied to Pennington, and never alleges the age of Pennington's replacement, the complaint in this instance states too little.

The motion (Doc. 4) to dismiss is **GRANTED** with no award of attorney fees or costs.  Each count[3] of the complaint is **DISMISSED WITHOUT PREJUDICE**. Pennington may submit an amended complaint by **September 2, 2011**.

ORDERED in Tampa, Florida, on August 24, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] The ADEA and FCRA counts stand and fall together.  See Zaben v. Air Prods. & Chem., Inc., 129 F.3d 1453, 1455 n.2 (11th Cir. 1997).